UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   VAUGHAN COMPANY, REALTORS,                        Case No. 10-10759

    Debtor.

---

JUDITH A. WAGNER, Chapter 11 Trustee
Of the bankruptcy estate of the Vaughan Company,
Realtors,

    Plaintiff,

v.                                                          Adv. No. 12-1028

LUANN SHYDOHUB

    Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Motion for Partial Summary Judgment as to the Timing and Amount of Transfers (the "Motion" or "Motion for Summary Judgment"). *See* Docket No. 34. Judith Wagner, Chapter 11 Trustee of the bankruptcy estate of the Vaughan Company Realtors (the "Trustee") seeks judgment on her claims against LuAnn Shydohub under 11 U.S.C. § 548 and New Mexico's version of the Uniform Fraudulent Transfer Act ("UFTA"), N.M.S.A. 1978 § 56-10-18(A). After considering the Motion, Ms. Shydohub's responses, and the supporting papers, and being otherwise sufficiently informed, the Court finds the Motion should be granted, in part, and denied, in part, as described below.

### SUMMARY JUDGMENT STANDARDS

Summary judgment will be granted when the movant demonstrates that there is no genuine dispute as to a material fact and that the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a), made applicable to adversary proceedings by Fed.R.Bankr.P. 7056.

1

"[A] party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and ... [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  In considering a motion for summary judgment, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995) (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F2d 1238, 1241 (10th Cir. 1990)).  "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial" through affidavits or other supporting evidence.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed .2d 202 (1986).

## FACTS NOT SUBJECT TO GENUINE DISPUTE[1]

1. Luann Shydohub invested a total of $47,975 in Vaughan Company Realtors' ("VCR") promissory note program.  *See* Trustee's Motion, ¶ 2; Ms. Shydohub's Motion of Denial as to the Timing and Amount of the Transfers (the "Response"), p. 2.

2. From 2002 through February 22, 2010, Ms. Shydohub received at least $68,524.73 from VCR.  *See* Trustee's Motion, ¶ 3; Zia Trust Account Ledger titled "History for 1/1/1997 to 12/31/2011 for LuAnn Shydohub IRA" and Summary of the Zia Ledger prepared by counsel by the Trustee, attached to the Trustee's Motion as Exhibit A (Docket No. 34-1) (together the "Zia Ledger").

---

[1] In finding the following facts, the Court considered the Trustee's Motion for Summary Judgment (Docket No. 34), Ms. Shydohub's Response (Docket No. 35), the Trustee's Reply (Docket No. 40), and Ms. Shydohub's sur-reply (Docket No. 42).  Ordinarily, the Court will not consider a sur-reply filed without permission.  Here the Court considered Ms. Shydohub's sur-reply because the Trustee proffered additional undisputed facts in her reply and because the sur-reply did not materially add to the Court's analysis.

3. From February 22, 2006 through February 22, 2010, Ms. Shydohub received at least $52,500 from VCR.[2]  *See* Trustee's Motion, ¶ 4; Zia Ledger.

4. From February 22, 2008 through February 22, 2010, Ms. Shydohub received $23,799.68 from VCR.  *See* Trustee's Motion, ¶ 5; Zia Ledger.

5. VCR transferred at least $20,549.73 more to Ms. Shydohub than she paid to VCR.[3]  *See* Trustee's Motion, ¶ 6; Undisputed facts No. 1 and 2.

6. VCR filed a voluntary petition under Chapter 11 of the Bankruptcy Code on February 22, 2010 (the "Petition Date").  *See* Docket No. 1 in Case No. 10-10759.

7. The Trustee commenced the above-captioned adversary proceeding on January 31, 2012.  *See* Trustee's Complaint, Docket No. 1 in Adv. No. 12-1028.

8. Ms. Shydohub was served with the complaint by first class mail on February 2, 2012 at the following address:

> 6424 Santolina Dr. NW.
> Albuquerque, NM 87120

*See* Certificate of Service (Docket No. 3).  That is her correct address.  *See* Ms. Shydohub's signature block in her response to the Trustee's Motion (Docket No. 35), p. 5.

9. Pursuant to the summons, Ms. Shydohub had until March 2, 2012 to file an answer or responsive pleading to the complaint.  *See* Summons and Notice of Pretrial Conference (Docket No. 2).

---

[2] After carefully reviewing the Mr. Shydohub's IRA statements, the Court found a discrepancy between the amount stated by the Trustee ($52,799.68) and the actual amount received, which was closer to $52,500.  This discrepancy is not material to the Court's ruling.  Although the Court will not make a finding as to the exact number it came up with because it is not in the business of rendering accountings, the evidence establishes that Ms. Shydohub received at least $52,500 during the four year look-back period.

[3] Ms. Shydohub contends that she received $20,365.31 rather than for $20,549.73.  Only the Trustee proffered evidence regarding the amount, and that evidence establishes that Ms. Shydohub received at least the amount stated by the Trustee.

10. On April 3, 2012, Ms. Shydohub appeared at an initial pretrial conference, at which time the Hon. James Starzynski extended the answer deadline to April 23, 2012. *See* Minutes of Hearing Held on April 3, 2012 (Docket No. 7).

11. The order resulting from the pretrial conference did not include notice of the April 23, 2012 answer deadline. *See* Docket No. 8. It was also mailed to Ms. Shydohub at the following incorrect address:

> 642**6** Santolina Dr. NW.
> Albuquerque, NM 87120

*Id.*

12. This adversary proceeding was transferred to the Hon. Robert Jacobvitz on April 24, 2012. *See* Order Transferring Adversary Case (Docket No. 10).

13. After it came to the Court's attention that Ms. Shydohub had not filed an answer to the complaint, the Court entered an order setting a deadline of November 21, 2012 for her to file an answer or other responsive pleading. *See* Docket No. 21. The order, which was prepared by counsel for the Trustee, specified that Ms. Shydohub be mailed a copy at the following incorrect address:

> 642**6** Santolina Dr. NW.
> Albuquerque, NM 87120

*Id.*

14. On June 14, 2013, the Trustee's counsel sent Ms. Shydohub a letter (at her correct address) informing her, among other things, that the Trustee intended to seek a default judgment if Ms. Shydohub failed to file an answer by June 26, 2013. *See* Letter from Edward Mazel to Ms. Shydohub attached as Exhibit C to the Trustee's Reply (Docket No. 40-3); Affidavit of Edward Mazel attached as Exhibit A to the Trustee's Reply (Docket No. 40-1) (the "Mazel Affidavit"), ¶ 17.

4

15. Ms. Shydohub has not filed an answer. *See generally* docket in Adv. No. 12-1028.

16. The Trustee attempted to proceed to mediation with Ms. Shydohub in March of 2013. *See* Mazel Affidavit, ¶ 14.

17. Counsel for the Trustee had recently changed law firms. *Id* at ¶ 15. Because Ms. Shydohub did not recognize the new firm letterhead, she refused to communicate with them. *Id.*

18. Several months later, counsel sent Ms. Shydohub a letter explaining that their firm no longer represented the Trustee and requesting again that she proceed to mediation. *Id.* at ¶ 17. Ms. Shydohub never responded to this request. *Id.*

19. The Court held final pretrial conferences on October 1, 2013 and October 2, 2013. *See* Minutes of Hearings Held on October 1 & 2, 2013 (Docket No. 64 in Misc Case No. 12-00006).[4] Ms. Shydohub did not attend the pretrial conferences, nor did she submit her own version of the pretrial order listing her claims and defenses. *Id.*

20. The order giving notice of the pretrial conferences and the deadline for Ms. Shydohub to submit her portion of the proposed pretrial order to the Court was mailed to Ms. Shydohub at the following incorrect address:

> 642**6** Santolina Dr. NW.
> Albuquerque, NM 87120

*See* Docket No. 5 in Misc. Case No. 12-0006.

21. The Court entered a pretrial order in Ms. Shydohub's case on October 7, 2013. *See* Docket No. 38. Ms. Shydohub did not submit any proposed language for the order, and no defenses were preserved for trial. *Id.*

---

[4] The Court established a master docket (Misc. Case No. 12-0006) for filings that apply to all of the defendants who are subject to fraudulent transfer suits by the Trustee. Because the order giving notice of the pretrial conference was applicable to all of the fraudulent transfer defendants (including Ms. Shydohub), it was filed on the master docket.

DISCUSSION

The Trustee seeks a money judgment in her favor on her claims for actual and constructive fraud against Ms. Shydohub under 11 U.S.C. § 548 and N.M.S.A. 1978 § 56-10-18(A). Claims for actual fraud require a showing of: "(1) a transfer of an interest of the debtor in property; (2) made within two [or four] years before the debtor filed for bankruptcy; and (3) done with actual intent to hinder, delay, or defraud the debtor or any entity the debtor would become after the transfer." *See In re The 1031 Tax Group, LLC*, 439 B.R. 47, 68 (S.D.N.Y.Bankr. 2010) (quoting 11 U.S.C. § 548(a)(1)(A)).[5] Claims for constructive fraud generally require a showing that the debtor: (1) transferred property within two or four years before the bankruptcy filing; (2) received less than reasonably equivalent value for the transfer; and (3) was insolvent (or some equivalent) at the time of the transfer. *See generally* 11 U.S.C. § 548(a)(1)(B); N.M.S.A. 1978 §§ 56-10-18(A)(1)(2), 56-10-19.

The Court previously found that, to the extent a transfer was made to Ms. Shydohub within four years before the Petition Date: (1) each transfer constituted an interest of VCR in property; (2) each transfer was made with the actual intent to defraud creditors; (3) VCR received less than reasonably equivalent value in exchange for the transfer of any returns in excess of Ms. Shydohub's original investment; and (4) on the date of each transfer, VCR was insolvent and/or believed (or reasonably should have believed) it would incur debts beyond its ability to repay. *See Wagner v. Oliva, et al,* 500 B.R. 778 (Bankr.D.N.M. 2013). The only remaining issue with respect to the Trustee's prima facie case against Ms. Shydohub is whether, and to what extent, the transfers actually occurred.

---

[5] The UFTA, N.M.S.A. § 56-10-18(A)(1), which contains similar elements, uses a four-year look-back period. *See* N.M.S.A.1978 § 56-10-23 (establishing a four year statute of limitations on pursuing fraudulent transfer actions under New Mexico law); *In re Strom*, 2013 WL 265071, *3 n. 5 (Bankr.D.N.M. 2013) ("The New Mexico UFTA has a four-year 'look-back' period.").

Case 12-01028-j    Doc 51    Filed 04/04/14    Entered 04/04/14 15:58:05 Page 6 of 10

In her Response to the Trustee's Motion for Summary Judgment, Ms. Shydohub admits that she received at least $20,365.31[6] in net winnings, but contends she was unaware of any wrongdoing on the part of VCR. The Court discerns that Ms. Shydohub is attempting to assert the good faith defense under 11 U.S.C. § 548(c) and N.M.S.A. 56-10-22(A). Beyond Ms. Shydohub's admissions, the Trustee has also established that Ms. Shydohub received $23,799.68 from VCR within two years before the Petition Date and a total of $52,500 from VCR within four years before the Petition Date.

The Trustee contends that she is entitled to a money judgment in the amount of at least $52,500 (which represents the entire amount VCR paid to Ms. Shydohub during the four year look-back period, including a return of principal) because Ms. Shydohub failed to assert any affirmative defenses in an answer. It is true that Ms. Shydohub did not file an answer, nor did she preserve the good faith defense in the pretrial order entered on October 7, 2013. It is unclear, however, whether Ms. Shydohub received notice of the final deadlines within which to assert that defense. By an order entered October 22, 2012, the Court gave Ms. Shydohub one last chance to file an answer. That order was sent to the wrong address, and there is no evidence before the Court that she actually received it. Ms. Shydohub may have been able to include the good faith defense in the pretrial order, but again, she was not given adequate notice of the deadline to do so.

In light of the foregoing, the Court believes it is appropriate to allow Ms. Shydohub to assert the good faith defense in her response to the Motion for Summary Judgment and to preserve that defense for trial. The good faith defense, if proven, will permit Ms. Shydohub to retain funds up to the amount of her initial investment. *Wagner v. Eberhard*, 2014 WL 271632,

---

[6] As the Court previously explained in note 2, Ms. Shydohub did not offer admissible evidence to support this number, which is slightly lower than the amount identified by the Trustee.

Case 12-01028-j    Doc 51    Filed 04/04/14    Entered 04/04/14 15:58:05 Page 7 of 10

*5 (Bankr.D.N.M. 2014) (quoting *Donell v. Kowell*, 533 F.3d 762, 771 (9th Cir. 2008)). The Court will examine whether, and to what extent, Ms. Shydohub acted in good faith at trial, if the Trustee seeks to prosecute her claims further.

The good faith defense does not, however, prevent the Trustee from recovering any amounts paid to Ms. Shydohub in excess of her initial investment (*i.e.* net winnings). Ms. Shydohub appears to contend that although VCR transferred at least $20,365.31 in net winnings to her IRA, she is only liable to the extent she actually received cash distributions. She asserts that her "true net gain" was only $1,343.01 after fees, taxes, and "losses." The Court addressed this argument in *Wagner v. Eberhard*. The Court found that for fraudulent transfer purposes, the transfer of funds by a third party to an individual's IRA has the same legal effect as if the funds were transferred directly to that individual. *Eberhard*, 2014 WL 271632, *5. Thus, in calculating Ms. Shydohub's net winnings, the Trustee correctly considered the total amount of money transferred to Ms. Shydohub, rather than the actual amount of money she received from her IRA after taxes and fees.

Ms. Shydohub also asserts that she is entitled to a "setoff," though it is unclear whether her setoff defense is distinct from theory described above. In any event, a fraudulent transfer claim cannot be offset against a general unsecured claim against the debtor. *See, e.g., Wing v. Dockstader*, 2012 WL 2020666, *4 (10th Cir.2012) (observing that in the context of a Ponzi scheme, "allowing offsets would frustrate the purposes of the UFTA"); *In re Acequia, Inc.*, 34 F.3d 800, 817 (9th Cir.1994) (noting that "setoffs ... do not apply to actions by the Trustee to recover fraudulent transfers"); *In re Singh*, 434 B.R. 298, 308 (Bankr.E.D.N.Y.2010) ("It is well established that a party will be unable to assert a setoff where the party is being sued for fraudulent transfers.").

The Trustee has established all prima facie elements of her claims to recover payments in excess of Ms. Shydohub's initial investment under 11 U.S.C. §§ 548(a)(1)(A) and (B) and N.M.S.A. 1978 § 56-10-18(A)(2). Because the good faith defense can only protect Ms. Shydohub to the extent of her original investment, she does not have a valid defense against the recovery of net winnings. The Trustee is therefore entitled to judgment in her favor in the amount of $20,549.73 (*i.e.* the total amount of net winnings transferred to Ms. Shydohub by VCR during the four year look-back period), plus post-judgment interest at the federal judgment rate.

Rather than entering a money judgment, Ms. Shydohub asks the Court to order mediation. This adversary proceeding has been pending for more than two years. During that time, the Trustee attempted to mediate the dispute with Ms. Shydohub. She refused to communicate with counsel for the Trustee after they established a new firm, even after counsel explained to her that although the firm name had changed, they still represented the Trustee. Under the circumstances of this particular case, the Court does not believe it is appropriate to order mediation at the eleventh hour instead of issuing judgment in favor of the Trustee.

## CONCLUSION

Based on the foregoing, the Trustee's Motion for Summary Judgment will be granted, in part. The Trustee is entitled to avoid the net winnings transferred to Ms. Shydohub. If the Trustee seeks a judgment for the remaining amounts transferred during the four year look-back period, the pretrial order will be amended to include the good faith defense. The Court will vacate the trial set for April 14, 2014 and will instead hold a status conference to discuss this issue.

A separate judgment will be entered consistent with this memorandum opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: April 4, 2014

COPY TO:

| | |
|---|---|
| James Askew, Edward Mazel, & Daniel White | Luann Shydohub |
| 320 Gold Ave S.W., Suite 300A | 6424 Santolina Dr NW |
| Albuquerque, NM 87102 | Albuquerque, NM 87120 |